No. 06-4498

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
APR 2 3 2007
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ELIE ABBOUD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS, COOK, and GRIFFIN, Circuit Judges.

The defendant appeals the sentence imposed on remand following this court's decision in *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006). He now moves for release on bail pending disposition of his appeal. The government opposes the motion.

To establish entitlement to release pending appeal, a person found guilty of an offense and sentenced to a term of imprisonment must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the

defendant's favor." *Pollard*, 778 F.2d at 1182 (internal quotation and citation omitted). This statute creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988).

The defendant does not attempt to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community. Even if he were to make such a showing, release would not be appropriate because a substantial issue has not been raised for purposes of release under the bail statute. Contrary to the defendant's argument, "there is no Sixth Amendment violation if facts are determined by a judge pursuant to an advisory guideline sentencing scheme." *United States v. Dillard*, 438 F.3d 675, 685 (6th Cir.), *cert. denied*. 127 S.Ct. 291 (Oct. 2, 2006). *See, e.g., United States v. Flores*, 477 F.3d 431, 438-39 (6th Cir. 2007); *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006).

The motion for release is **DENIED**.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk