ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:02CR236 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ELIE F. ABBOUD, | ) | <u>ORDER</u> |
| MICHEL F. ABBOUD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court based upon the briefing of the parties. Specifically, Defendants contend that the Court must apply *U.S. v. Santos*, 128 S.Ct. 2020 (2008) when resentencing them. Upon reviewing the briefs, the Court finds no merit in this argument.

Initially, the Court notes that it is unlikely that the remand order from the Sixth Circuit permits the Court to examine this issue. The matter was remanded in a limited manner and the issue Defendants seek to present through their *Santos* argument was not properly raised during their two appeals in this matter. The Court, however, need not resolve these issues. Instead, the Court finds that *Santos* is simply inapplicable to the case at hand.

In reaching its ruling, the Court notes that nearly every court that has considered the issue raised by Defendants has rejected an argument that *Santos* applies beyond its own facts. Within this Circuit, the Court finds persuasive the logic set forth in *U.S. v. Prince*, 2008 WL 4861296 (W.D.Tenn. Nov. 7, 2008).

> The question for this Court is whether the *Santos* definition of "proceeds" as "profits" is limited to cases in which the specified unlawful activity is illegal

> gambling. If *Santos* is limited to its facts, prior Sixth Circuit law defining "proceeds" as "receipts" continues to apply where, as here, the specified unlawful activity is health care fraud. If *Santos* is not so limited, Defendant might be entitled to a new trial in which the jury would be instructed using the "profits" definition of "proceeds." For the following reasons, the Court concludes that *Santos* is limited to its facts.
>
> *Santos* is a case in which "no single rationale explaining the result enjoys the assent of five Justices." Five Justices concluded that "proceeds" means "profits" where the specified unlawful activity is an illegal gambling enterprise. Five Justices opined (in dicta) that "proceeds" means "gross receipts" or "the total amount brought in" where the specified unlawful activity is selling contraband. At least seven Justices agreed, however, that the term "proceeds" could not vary based on the specified unlawful activity. In the absence of a majority opinion, *Marks* dictates that the holding of *Santos* is the "position taken by [that] member[ ] who concurred in the judgment on the narrowest grounds." As the Supreme Court has recognized, however, the *Marks* test is sometimes "more easily stated than applied."
>
> …
>
> This Court concludes that the narrow holding of *Santos* is that "proceeds" means "profits" where the specified unlawful activity is the operation of an illegal gambling business. This is the position taken by Justice Stevens, the member "who concurred in the judgment on the narrowest grounds."

*Id.* at *6-8 (internal citations omitted). A court in this district has reached the same conclusion. *Haukedahl v. U.S.*, 2009 WL 961157, at *2 (N.D.Ohio Apr. 7, 2009) ("However, that opinion [*Santos*] is limited by the plurality to the context of illegal gambling operations and does not apply to the other statutorily defined offenses."). Furthermore, these holdings are consistent with a vast majority of courts that have considered this precise issue.

> Therefore, *Santos* is limited to its facts; it stands only for the proposition that the money laundering statute does not make criminal the use of the revenue from an illegal gambling operation to pay for the expenses involved in running the operation. *See Bull v. United States*, Nos. CV 08-4191 CAS, CR 04-402 CAS, 2008 WL 5103227, at *8 (C.D.Cal. Dec. 3, 2008) ("[G]iven Justice Stevens' opinion that "proceeds" means "profits" only for the purposes of laundering funds from an illegal gambling business, the Court cannot conclude that *Santos* announces a "new rule" defining the term "proceeds" to mean "profits" in all statutes."); *United States v. Orosco*, 575 F.Supp.2d 1214, 1218 (D.Colo. 2008)

("[T]he only binding aspect of [*Santos* is] its specific result relating to ... illegal gambling on the facts of the case.").

*Gotti v. U.S.*, 2009 WL 197132, at *2 (E.D.N.Y. Jan. 28, 2009); *U.S. v. Howard*, 309 Fed. Appx. 760, 771 (4th Cir. 2009) ("Because *Santos* does not establish a binding precedent that the term "proceeds" means "profits," except regarding an illegal gambling charge, we are bound by this Court's precedent establishing that "proceeds" means "receipts."); *U.S. v. Sims*, 2009 WL 1158847, at *3 (S.D.Tex. Apr. 29, 2009) ("Therefore, *Santos*, which involved the alleged money laundering of the proceeds of an illegal gambling operation, should only be viewed as standing for the proposition that the "proceeds" of an illegal gambling operation must, for purposes of the money laundering statute, be profits, not merely receipts.").

The Court notes that Defendants never raised this profit/proceeds distinction in the initial appeal of this matter.  Further, the issue was not raised in the briefs of the second appeal of the matter.  However, *Santos* and Defendants' profit/proceeds argument was presented to the Circuit through the submission of additional authority and argument.  Despite this argument being presented, the Sixth Circuit rejected Defendants' arguments in their entirety outside of the specific issue leading to remand.  Accordingly, law of the case requires this Court to apply its prior rationale in calculating sentence absent an intervening decision.  As described above, *Santos* does not qualify as an intervening decision because its limited application finds no place with the facts herein.  Based upon the above, the Court finds *Santos* to be inapplicable to Defendants' resentencings.

IT IS SO ORDERED.

May 26, 2009_____  */s/ John R. Adams*_____
Dated                                                          JUDGE JOHN R. ADAMS
                                                               United States District Judge