UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:02CR236 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| ELIE F. ABBOUD | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Elie Abboud's motion for bond pending appeal. The motion is DENIED.

To support release pending appeal, the defendant must show 1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). This statute creates a presumption against release pending appeal. *See United States v. Roach*, 502 F.3d 425, 446-47 (6th Cir. 2007).

Abboud's motion relies upon a recent Sixth Circuit decision, *United States v. Cosgrove*, 2011 WL 922253 (6th Cir. Mar. 18, 2011). *Cosgrove* concerns an application of two relatively recent decisions, *United States v. Santos*, 128 S.Ct. 2020 (2008) and *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009). Elie Abboud's co-defendant, Michel Abboud, raised the same argument regarding the applicability of *Santos* and *Kratt* in a motion for bond filed with the Sixth Circuit. The Circuit denied the motion, holding as follows:

> The defendant argues that his third appeal raises a substantial issue based on the recent decisions of *United States v. Santos*, 128 S. Ct. 2020 (2008), and *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009). Having fully considered the arguments raised, we are not persuaded that the defendant has overcome the presumption against release pending appeal.

Doc. 456. Despite this conclusion, Elie Abboud contends that a more recent opinion from the Sixth Circuit supports his motion.

The Government's opposition has more-than-adequately distinguished the facts in *Cosgrove* from those present in this matter. Given the lengthy history of this matter and the substantial number of holdings that are now law-of-the-case, the Court agrees that *Cosgrove* does nothing to support a request for bond pending appeal. This Court, therefore, finds no reason that would justify reaching a result contrary to the result reached by the Sixth Circuit. The motion for bond pending appeal is DENIED.

IT IS SO ORDERED.

April 29, 2011                               /s/ John R. Adams
                                                                             JUDGE JOHN R. ADAMS
                                                                             UNITED STATES DISTRICT JUDGE